**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**D.K. HARRIS, D.K. HARRIS PENSION TRUST, WILLIAM J. LOGUE, WILLIAM J. LOGUE TRUST,**

      **Plaintiffs,**

**-vs-**                                                            **Case No.  6:08-cv-210-Orl-28KRS**

**CAPTIVA CONDOMINIUMS, LLC,**

      **Defendant.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **AMENDED MOTION FOR ATTORNEY'S FEES, COSTS AND EXPENSES (Doc. No. 13)** |
| **FILED:** | **June 2, 2008** |

**I. INTRODUCTION.**

On February 7, 2008, Plaintiffs D.K. Harris, Trustee, the D.K. Harris Pension Trust, William J. Logue, Trustee, and the William J. Logue Trust filed this action alleging violation of the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. § 1719, breach of contract, negligent misrepresentation and making a request for declaratory relief.  Doc. No. 1.  On April 28, 2008, Defendant Captiva Condominiums, LLC ("Captiva") filed a motion to dismiss for lack of jurisdiction and failure to state a claim.  Doc. No. 7.  On May 16, 2008, Plaintiffs filed a notice of voluntary dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a) and dismissed all claims in this action

against Captiva. Doc. No. 9. The Court dismissed the case without prejudice on May 19, 2008. Doc. No. 10.

After its initial motion for attorneys' fees and costs was denied without prejudice by this Court for failing to comply with Local Rule 3.01(g), Doc. No. 12, Captiva filed the instant amended motion for attorneys' fees and costs. Doc. No. 13.[1] In the amended motion, Captiva seeks an award of costs as a prevailing party pursuant to Fed. R. Civ. P. 54(d)(1). Doc. No. 13 at 3. Captiva also seeks an award of attorneys' fees pursuant a provision of their contract with Plaintiffs. Plaintiffs object to the relief sought in this motion. Doc. No. 14.

**II. ANALYSIS.**

*A.     Award of Costs.*

Rule 54(d) provides in relevant part that "costs – other than attorney's fees – should be allowed to the prevailing party." Captiva contends that it is the prevailing party by virtue of Plaintiffs' dismissal of the complaint without prejudice pursuant to Fed. R. Civ. P. 41(a)(1). Plaintiffs argue that Captiva cannot be considered a prevailing party.

Rule 41(a)(1) provides for voluntary dismissal by a plaintiff "without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P.

---

[1] The amended motion is also deficient because the good faith conference required by Local Rule 3.01(g) was not completed before it was filed, and movant did not file a supplement showing that the conference was conducted at a later date. Because Plaintiffs have responded to the motion, I conclude that requiring a Rule 3.01(g) conference at this time would not be fruitful. In the future, however, counsel for the movant should strictly comply with the requirements of Local Rule 3.01(g) and this Court's orders requiring that such conference be conducted in person or by telephone, not through correspondence (including e-mail).

41(a)(1)(A)(i)-(ii). Generally, voluntary dismissals under Rule 41(a)(1) do not create a prevailing party. *See, e.g., Gibson v. Walgreen Co.*, No. 6:07-cv-1053-Orl-28KRS, 2008 WL 2607775, at * 3 (M.D. Fla., July 1, 2008); *Johnson v. Pringle Development, Inc.*, No. 5:05-cv-37-Oc-10GRJ, 2006 WL 2189542, at * 2 (M.D. Fla., Aug. 1, 2006).

In *Buckhannon Board and Care Home, Inc. v. West Virginia Dep't of Health and Human Resources*, 532 U.S. 598, 604-05 (2001)(*Buckhannon*), the Supreme Court defined a prevailing party as "one who has been awarded some relief by the court." Following the Supreme Court's ruling in *Buckhannon*, the Eleventh Circuit articulated the following two-prong test for determining whether a litigant is a prevailing party: "there must be (1) a situation where a party has been awarded by the court at least some relief on the merits of his claim or (2) a judicial imprimatur on the change in the legal relationship between the parties." *Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003)(quoting *Buckhannon*, 532 U.S. at 604-05).

Under the rule in *Buckhannon* and its progeny, a voluntary dismissal pursuant to Rule 41(a)(1) does not create a prevailing party because it did not require judicial approval, and thus the judicial imprimatur requirement is not met. Accordingly, because Captiva is not a prevailing party, it is not entitled to an award of costs pursuant to Rule 54(d).

B.     *Attorneys' Fees and Expenses*.

Captiva also argues that it is entitled to an award of its attorneys' fees and expenses pursuant to the following provision in the contract entered into by Captiva and Plaintiffs: "Buyer [Plaintiffs] agrees to pay Developer [Captiva Condominiums, LLC] all of Developer's reasonable legal fees and expenses in the event of Buyer's default hereunder." Doc. No. 1-2 ¶ 13. The contract also provides as follows: "Except as defined in paragraph 13 above, in connection with any litigation arising out of

this contract, each party shall pay its own attorney's fees and costs." *Id.* ¶ 16.  The contract further provides that it is governed by the laws of the State of Florida. *Id.* ¶ 18.

Plaintiffs argue that because this litigation did not arise from their default, the provisions of paragraph 13 of the contract do not apply.  Rather, they assert that the provisions of paragraph 16, which requires each party to because its own attorney's fees and costs, are applicable.

Florida law provides that "[u]nder established principles of contract construction, attorney's fee provisions must be strictly construed, and each claim which purportedly gives rise to a fee should be assessed individually." *Bay Lincoln-Mercury-Dodge, Inc. v. Transouth Mortgage Corp.*, 531 So. 2d 1027, 1027 (Fla. 1st Dist. Ct. App. 1988).  As such, "[t]he right to attorney's fees under any contractual provision is limited by the terms of such provision.  Attorney's fees are not necessarily recoverable as to any and all litigation relating to a contract that provides for attorney's fees." *Id.* at 1028.

The present litigation did not arise from any alleged default by Plaintiffs.  Rather, as discussed above, Plaintiffs alleged that Captiva breached the contract, made negligent representations, and violated the ILSFDA.  Therefore, paragraph 13 of the contract providing for an award of attorneys' fees and expenses incurred as a result of the buyer's default is inapplicable.  Instead, paragraph 16 controls, and requires each party to bear its own attorneys' fees and costs.

### III. CONCLUSION.

For the foregoing reasons set forth above, I respectfully recommend Captiva's Amended Motion for Attorney's Fees, Costs and Expenses (Doc. No. 13) motion be **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 8, 2008.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE